RENDERED: AUGUST 6, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1497-MR

PHARO WILSON                                                 APPELLANT


                 APPEAL FROM KENTON CIRCUIT COURT
v.              HONORABLE GREGORY M. BARTLETT, JUDGE
                 ACTION NO. 20-CI-01193


COOKIE CREWS AND KENTUCKY
DEPARTMENT OF CORRECTIONS                        APPELLEES


## OPINION
## AFFIRMING

** ** ** ** **

BEFORE: ACREE, CALDWELL, AND LAMBERT, JUDGES.

CALDWELL, JUDGE: Pharo Wilson (Wilson) appeals from the Kenton Circuit Court's dismissal of his Petition for Declaration of Rights for failure to state a claim upon which relief can be granted. We affirm.

        Wilson contends the Department of Corrections (DOC) improperly, retroactively applied a statutory definition of violent offender–affecting his parole eligibility–which was not in existence at the time of his 2014 convictions when it

recently re-considered when he would be eligible for parole. DOC argues that Wilson misunderstood which specific violent offender definition it relied upon and that he is not entitled to relief under a proper application of Kentucky law regarding parole eligibility. Under the law, DOC submits that Wilson is eligible for parole after serving twenty years of his seventy-year sentence. And, as DOC advised Wilson he is eligible for parole in 2032 via a letter which Wilson attached to his petition, DOC contends the trial court[1] properly granted its motion to dismiss for failure to state a claim upon which relief can be granted.

## BACKGROUND

Wilson was convicted of three counts of criminal attempt to commit murder, of being a second-degree persistent felony offender (PFO), and of possession of a handgun by a convicted felon in 2014. He received a total sentence of seventy years' imprisonment on these 2014 convictions. Specifically, he received PFO-enhanced sentences of twenty years' imprisonment on each of the three attempted murder convictions—to run consecutively for a total of sixty years. Then, he received a sentence of ten years' imprisonment on his conviction for possession of a handgun by a convicted felon—to run consecutively to his PFO-

---

[1] For the sake of clarity, we refer to the division of the Kenton Circuit Court which resolved Wilson's petition for declaration of rights as the "trial court" and to the division of the Kenton Circuit Court which presided over his trial on criminal charges and his sentencing as the "sentencing court."

enhanced sentences for the three counts of attempted murder for a total sentence of seventy years' imprisonment.

When Wilson was convicted of these crimes, including criminal attempt to commit murder in 2014, Kentucky Revised Statutes (KRS) 439.3401(1) already defined a *violent offender* as including someone convicted of a Class B felony involving "serious physical injury to a victim." KRS 349.3401(1)(c). Criminal attempt to commit the capital offense of murder[2] is a Class B felony under KRS 506.010(4)(b).

In 2018, the definition of *violent offender* in KRS 439.3401(1) was amended to add those convicted of "[a] Class B felony involving criminal attempt to commit murder under KRS 506.010 if the victim of the offense is a clearly identifiable peace officer or firefighter acting in the line of duty, regardless of whether an injury results." KRS 439.3401(1)(e) (effective Jul. 1, 2018). Wilson's three attempted murder victims were all peace officers (police officers).

Wilson filed a petition for a declaration of his rights in September 2020. He alleged he was told he would be eligible for parole in September 2020 when entering the Department of Corrections, but that recently DOC "reconfigur[ed] his parole eligibility to be after serving twenty (20) years and

---

[2] Murder is a capital offense. KRS 507.020(2).

making his overall seventy (70) year sentence being served at 85% eligibility pursuant to the violent offender statute KRS § 439.3401."

Wilson claimed that DOC improperly, retroactively applied KRS 439.3401(1)(e)–specifically addressing convictions for attempted murder of peace officers–to his sentence for his 2014 convictions. He also asserted that the sentencing court only found one of his three counts of attempted murder to involve a serious physical injury to the victim. *See* KRS 439.3401(1)(c). Wilson argued in his petition for declaratory relief that the eighty-five percent serve-out requirement for parole eligibility for violent offenders in KRS 439.3401(3)(a) only applied to the twenty-year term of imprisonment on one attempted murder count and not to the remaining fifty years' imprisonment imposed on the other convictions.

DOC filed a motion to dismiss his petition for failure to state a claim under Kentucky Rules of Civil Procedure (CR) 12.02(f). It asserted that Wilson had been deemed a violent offender due to the sentencing court's written findings that the "victims"–plural–suffered serious physical injury. DOC claimed it applied KRS 439.3401(1)(c) and did **not** apply KRS 439.3401(1)(e) (victims being peace officers) in finding Wilson to be a violent offender.

DOC also asserted that Wilson would be eligible for parole after serving twenty years of his seventy-year sentence under binding case law. It stated it had informed Wilson that his parole eligibility date was November 22, 2032–

taking into account credit for jail time served prior to sentencing–via a July 31, 2020 letter which Wilson attached to his petition. The trial court granted DOC's motion to dismiss.

Wilson's briefs mention that he currently has another appeal pending in this Court. According to Wilson, he requested that the sentencing court amend its written judgment to specify that only one attempted murder victim suffered a serious physical injury. According to our internal records, briefing is not yet complete in this other appeal–*Wilson v. Commonwealth*, No. 2020-CA-1619-MR. Although not totally clear, Wilson seemingly asks that the two appeals be resolved in a consistent manner as he requests "that this court not make a decision in this case stating the trial court is at fault and sequentially in the brief against the trial court make a decision stating corrections is at fault." (Reply brief, at 2).

## STANDARD OF REVIEW

As an appellate court, we review the trial court's granting the motion to dismiss for failure to state a claim under the non-deferential *de novo* standard of review. *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010). Even applying the non-deferential *de novo* standard of review, however, there was no reversible error in the trial court's dismissal of Wilson's petition for failure to state a claim.

# ANALYSIS

Wilson failed to state a claim entitling him to relief under applicable law regarding parole eligibility. In its motion to dismiss, DOC admitted that Wilson would be eligible for parole after serving twenty years of his total seventy-year sentence. It cited cases such as *Hughes v. Commonwealth*, 87 S.W.3d 850 (Ky. 2002) and *Sanders v. Commonwealth*, 844 S.W.2d 391 (Ky. 1992) as authorities. In a footnote, DOC construed *Hughes* and *Sanders* as "lead[ing] to the conclusion that the violent offender statute is to be interpreted as requiring service of 85% of a term of years or 20 years, whichever is less, before parole eligibility." *See also* 501 Kentucky Administrative Regulations (KAR) 1:030 Section 3(e)4.d. (providing for parole eligibility after serving twenty years or eighty-five percent of sentence, whichever is less, for Class B felonies committed after June 26, 2007 involving serious physical injury to the victim).[3]

Similarly, in its appellee brief, DOC states that Wilson is eligible for parole after serving twenty years. But Wilson contends in his reply brief on page 3 that his "corrections classification" states he is not eligible for parole until he has

---

[3] According to this Court's opinion affirming the denial of post-conviction relief, the date of commission of the offenses for which Wilson was convicted in 2014 was September 28, 2012. *Wilson v. Commonwealth*, No. 2017-CA-001452-MR, 2019 WL 168687, at *1 (Ky. App. Jan. 11, 2019). Wilson's convictions had been affirmed earlier on direct appeal by the Kentucky Supreme Court, without explicitly noting the date of commission. *Wilson v. Commonwealth*, No. 2014-SC-000392-MR, 2015 WL 5655524 (Ky. Sept. 24, 2015).

served eighty-five percent of his seventy-year sentence and ignores the language of the regulation for parole eligibility after 85% or twenty years, whichever is less. From our review of the letters attached to Wilson's petition, we can understand some confusion on his part. These letters (dated July 23 and July 31, 2020) do state that Wilson must serve eighty-five percent of his sentence, without mentioning that he is eligible for parole after serving **the lesser of** twenty years or eighty-five percent of his sentence.

However, the letter dated July 31, 2020 also explicitly states that Wilson's parole eligibility date "will remain 11/22/2032." This 2032 parole eligibility date is indisputably less than twenty years after the July 2, 2014 date of entry of the judgments of conviction and sentencing.

Wilson contends that he was told he would be eligible for parole in September 2020 when he entered the Department of Corrections. But he has not cited any authority to support his being eligible for parole as of September 2020– just six years after he was convicted and sentenced to seventy years' imprisonment and just eight years after committing the offenses. Nor did he attach to his petition any documentation of his being told he would be eligible for parole in September 2020. Furthermore, he fails to cite any applicable authority showing he is entitled to parole eligibility before the November 22, 2032 date in DOC correspondence.

Wilson's convictions included three counts of attempted murder, a Class B felony. Wilson asserted that the sentencing court had orally stated that just one count of criminal attempt to murder (count one) was subject to provisions for parole eligibility only after serving eighty-five percent of the sentence. He alleged that the sentencing court orally stated that only one attempted murder victim suffered a serious physical injury. But the sentencing court's written judgments state that the "victims"–plural–suffered serious physical injury. A court's written judgment controls over any inconsistent oral statements.[4] *Machniak v. Commonwealth*, 351 S.W.3d 648, 652 (Ky. 2011). And there is nothing in the record on appeal showing that the sentencing court ever amended its finding that the victims–plural–suffered serious physical injury. So, there is no basis for differentiating between the three counts of attempted murder and no need to determine whether some counts must be treated differently for purposes of applying KRS 439.3401 or other authority regarding parole eligibility.[5]

---

[4] Recordings or transcripts of the sentencing court's oral statements were not made part of the record on appeal for our review.

[5] Wilson argues that requirements to serve 85% of his sentence before parole eligibility should be applied only to the twenty-year term of imprisonment imposed for one attempted murder count, but not to the remaining fifty years imposed on his other convictions. DOC contends that it cannot "split his aggregate sentence into component parts" but must apply KRS 439.3401(3) to his aggregate sentence. (Appellee brief, at 4). We need not resolve this conflict and express no opinion on it since there is no differentiation between the three attempted murder counts in the sentencing court's written judgments which simply stated that the victims–plural–suffered serious physical injury.

The sentencing court's written judgments state the "victims"–plural–suffered serious physical injury.  And regardless of the number of victims found to suffer serious physical injury, Wilson was a violent offender as defined under KRS 439.3401(1)(c)–as he was found to have committed a Class B felony involving "serious physical injury to **a** victim."  (Emphasis added.)  As the statutory definition plainly requires only that one commit a Class B felony involving serious physical injury to **a** victim, it was proper to consider Wilson a violent offender regardless of whether one or multiple victims actually suffered serious physical injury.

Furthermore, as a violent offender who committed a Class B felony, KRS 439.3401(3)(a)–standing alone–would appear to require that he not be released on parole until serving eighty-five percent of his sentence.  But case law and regulations clarify that Wilson would actually be eligible for parole after serving the lesser of twenty years or eighty-five percent of his sentence.  *See e.g.*, 501 KAR 1:030 Section 3(e)4.d., *Hughes*, 87 S.W.3d at 855-56.

The sentencing court clearly stated in writing that the victims suffered serious physical injury and that Wilson had been convicted of multiple counts of attempted murder (a Class B felony).  So, the DOC correctly determined that Wilson was a violent offender as defined by KRS 439.3401(1)(c) and was subject to the parole eligibility provisions in KRS 439.3401(3)(a) as construed in

Kentucky case law and applicable regulations.[6] And despite a lack of optimal clarity in DOC correspondence directed to Wilson–*i.e.*, not explicitly advising him that he would be eligible for parole after serving the **lesser** of twenty years or eighty-five percent of his sentence, DOC advised Wilson his parole eligibility date was November 22, 2032.

In short, properly applying Kentucky parole eligibility law in light of the sentencing court's written judgments, Wilson is eligible for parole after serving twenty years of his seventy-year sentence–since in his case twenty years is less than eighty-five percent of his sentence. 501 KAR 1:030 Section 3(e)4.d. DOC advised Wilson of his parole eligibility date being in November 2032–less than twenty years after the 2014 judgments of conviction and sentencing–in a letter attached to Wilson's petition.

Thus, we discern no reversible error in the trial court's granting the CR 12.02(f) motion to dismiss for failure to state a claim upon the record before us

---

[6] We are aware that Wilson states he still seeks a declaration that portions of KRS 439.3401 which were not in existence at the time of his 2014 sentencing should not be applied retroactively. Obviously, he is referring to KRS 439.3401(1)(e)–regarding the commission of attempted murder against peace officers regardless of whether injury occurred. But KRS 439.3401(1)(c) has not changed since the 2012 commission of the offenses or the 2014 judgments of conviction and sentencing. Thus, a declaration that KRS 439.3401(1)(e) must not apply retroactively would not ultimately affect Wilson's parole eligibility as KRS 439.3401(1)(c) applies to designate him as a violent offender subject to KRS 439.3401(3)(a). Thus, any error in the trial court's not declaring that KRS 439.3401(1)(e) could not apply retroactively does not affect Wilson's substantial rights and is harmless. CR 61.01.

and in consideration of applicable law.[7] We decline to address further arguments in the parties' briefs as unnecessary to our resolution of this appeal.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the trial court's judgment.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Pharo Wilson, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEES:

John Hamlet
Frankfort, Kentucky

---

[7] Though DOC prevailed on a motion to dismiss for failure to state a claim, some might reasonably contend that this case was effectively resolved in a manner more akin to summary judgment. *See Fox*, 317 S.W.3d at 7 ("A motion to dismiss for failure to state a claim upon which relief may be granted admits as true the material facts of the complaint. . . .[T]he court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief?") (internal quotation marks omitted). *See also* CR 12.02 ("If, on a motion asserting the defense that the pleading fails to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56[.]").

To the extent that the trial court's not granting Wilson relief might be better construed as a summary judgment rather than a dismissal for failure to state a claim, a grant of summary judgment is also reviewed *de novo*. *Shelton v. Kentucky Easter Seals Soc., Inc.*, 413 S.W.3d 901, 905 (Ky. 2013). And though the trial court and parties might not have discussed resolving the case via summary judgment, it appears to us that the trial court could have properly determined that DOC was entitled to summary judgment. Upon the record before us and considering applicable law, a conclusion that there were no genuine issues of material fact and that DOC was entitled to judgment as a matter of law appears warranted, *see* CR 56.03, and perhaps even more accurate than concluding that Wilson failed to state a claim. But regardless of the precise procedural avenue employed, we believe that the trial court correctly determined that Wilson was not entitled to relief upon the record before us and applicable law. *See* CR 61.01 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.").